The PEOPLE of the State of Colorado, Plaintiff/Appellant,

v.

Luis ALVARADO, Defendant/Appellee.

No. 00SA252.

Supreme Court of Colorado, En Banc.

Sept. 10, 2001.

Jeanne M. Smith, District Attorney, Fourth Judicial District, Daniel H. May, Assistant District Attorney, Gordon R. Denison, Deputy District Attorney, Colorado Springs, CO, Attorneys for Plaintiff/Appellant.

David Kaplan, Colorado State Public Defender, Dru Nielsen, Deputy State Public Defender, Denver, CO, Attorneys for Defendant/Appellee.

PER CURIAM.

This case arises out of the arrest of Luis M. Alvarado ("Defendant"), for the unlawful possession and use of a schedule II controlled substance, and violation of bond conditions. The People filed this interlocutory appeal pursuant to C.A.R. 4.1 and section 16–12–102(2), 6 C.R.S. (2000), asserting that the trial court erred in suppressing evidence against Defendant. Specifically, the trial court held that an employment record containing drug test results was obtained from Defendant's employer, Westaff, in violation of Defendant's rights under the Fourth Amendment to the United States Constitution. U.S. Const. amend. IV. After finding that the employment record received from Westaff was obtained by means of an unlawful search, the trial court concluded that there was not probable cause to support the issuance of a search warrant since the warrant relied in part upon the employment record.

Defendant was originally charged with First Degree Murder, § 18–3–102, 6 C.R.S. (2000), and Child Abuse Resulting in Death, § 18–6–401, 6 C.R.S. (2000). Prior to his trial, Defendant had been released from the state's custody on a bail bond. The bonding company later revoked Defendant's bond at the request of co-signers, who asked that the bond be revoked, in part because Defendant had been "using drugs again" and had "popped hot on [a] urinalysis" performed by his employer. (R. at vol. II, pp. 21, 23.) The bonding company disclosed this information to the district attorneys' office prosecuting Defendant's case. An investigator with the district attorneys' office spoke with an employee at Westaff about Defendant's termination. The employee reviewed Defendant's employment file and informed the investigator that Defendant had been terminated "because of drugs." (R. at vol. II, p. 7.) A different employee at Westaff later faxed the employment record to the investigator confirming that Defendant had been terminated based on a positive drug test. The investigator prepared a warrant for Clinical References Laboratories based on the information he had received from the bonding company and Westaff, including the employment record obtained from Westaff.

The information obtained as a result of the warrant confirmed that Defendant had tested positive for drug usage.

In this case, the trial court held that the urinalysis test results obtained from the defendant's employer, Westaff, was the result of an illegal search and seizure. After redacting the information obtained from Westaff from the affidavit in support of a search warrant of Clinical Laboratories, the trial court further found that there was insufficient probable cause to support a search of the lab.

We have previously held that probable cause exists where there are "sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of criminal activity is located at the place to be searched." *People v. Abeyta*, 795 P.2d 1324, 1327 (Colo.1990). Assuming without deciding that the seizure of test results from Westaff was the result of an illegal search and relying on the trial court's redacted affidavit, we conclude that there remained sufficient probable cause to support the warrant for the evidence procured from Clinical References Laboratories.[1]

The affidavit supporting the warrant included ample information suggesting that Defendant had been using illegal substances and violating the conditions of his bond. The affidavit stated that Defendant's bond had been revoked at the request of the bondsman and the co-signers on the bond based on their concerns that Defendant was violating his bond conditions. It stated, moreover, that the defendant had been working for Westaff, pending a mandatory drug screening test. According to the redacted affidavit, "[t]he bail company was also able to confirm that [Defendant] allegedly lost his job ... due to a positive finding in a drug scan test." (R. at vol. I, p. 53.) Finally, the affidavit states that the mandatory laboratory screening was conducted by Clinical References Laboratory in Lenexa, Kansas, which maintains samples that test positive for one year.

The presence of any illegal drug in the defendant's urine would constitute a violation of the defendant's bond and could constitute evidence of a crime. Based on this information in the affidavit, the officers reasonably could have believed that the laboratory in Kansas possessed evidence of the defendant's criminal activity, that is, evidence of a bond violation and possession of a controlled substance. Thus, we hold that this was sufficient information to support a finding of probable cause.

Accordingly, we now reverse the trial court's order suppressing evidence procured from Clinical References Laboratories.

---

1. Accordingly, we do not review the suppression of the copy of the document obtained from Wes-     taff.